UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THOMAS L. DAVIS,

    Defendant.
_____/

Criminal Action No.
99-CR-50003

HON. BERNARD A. FRIEDMAN

## ORDER REGARDING OUTSTANDING POST-CONVICTION MOTIONS

This matter is presently before the Court on the following four motions for post-conviction relief:

> (1) "Motion to Modify Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)." *See* docket entry 101.
>
> (2) "Motion Pursuant to 18 U.S.C. § 3623 Transfer of a Prisoner to State Authority." *See* docket entry 102.
>
> (3) "Motion for Re-Sentencing According to USSG § 4A1.3." *See* docket entry 104.
>
> (4) "Motion to Re-Sentence Rule 35 Pleadings." *See* docket entry 105.

For the reasons set forth below, the Court will deny the first two motions and transfer the second two to the United States Court of Appeals for the Sixth Circuit as second or successive motions for relief under 28 U.S.C. § 2255(a).

**(1)**     **Defendant's "Motion to Modify Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)"**

Section 3582(c)(1)(A) provides as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that--
>
>     (1) in any case–

1

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) . . .

Defendant is clearly not eligible for a sentence reduction under § 3582(c)(1)(A) because any such motion must be brought by the Director of the Bureau of Prisons. In the present case, this requirement is not met. Therefore, the Court will deny Defendants "Motion to Modify Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)."

**(2) Defendant's "Motion Pursuant to 18 U.S.C. § 3623 Transfer of a Prisoner to State Authority"**

Title 18, § 3623 of the United States Code reads as follows:

> **§ 3623. Transfer of a prisoner to State authority**
>
> The Director of the Bureau of Prisons shall order that a prisoner who has been charged in an indictment or information with, or convicted of, a State felony, be transferred to an official detention facility within such State prior to his release from a Federal prison facility if--
>
>> (1) the transfer has been requested by the Governor or other executive authority of the State;
>>
>> (2) the State has presented to the Director a certified copy of the

indictment, information, or judgment of conviction; and

(3) the Director finds that the transfer would be in the public interest.

If more than one request is presented with respect to a prisoner, the Director shall determine which request should receive preference. The expenses of such transfer shall be borne by the State requesting the transfer.

The Court will deny this motion. Defendant is clearly ineligible for transfer to a state facility pursuant to § 3623 because the above-quoted requirements have not been satisfied.

**(3) & (4)    Defendant's "Motion for Re-Sentencing According to USSG § 4A1.3" and "Motion to Re-Sentence Rule 35 Pleadings"**

The basis for these two motions is unclear. In the former motion, Defendant appears to request that he serve the remainder of his sentence on probation: "Defendant Thomas L. Davis is requesting re-sentencing to a probation sentence of 10 years 7 months to which the 10 years 7 months are added on the 3 years supervises release." (Mot. for Re-Sentencing According to USSG § 4A1.3 at 1.) In the latter motion, Defendant asks the Court to correct an unspecified error in his sentence. The Court construes both motions as second or successive motions under 28 U.S.C. § 2255 and will therefore transfer both to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1]

**(5)    Conclusion**

---

[1] Title 28, § 2255(a) of the United States Code permits "[a] prisoner in custody under sentence of a court established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." However, § 2255(h) requires that "[a] second or successive motion [under § 2255(a)] must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ."

On April 18, 2002, Defendant filed his first motion under 28 U.S.C. § 2255(a). That motion was denied by the Court on April 29, 2002. Because neither of the two present motions indicates that Defendant has obtained the required certification from the Sixth Circuit, and because no such certification appears on the docket sheet, the Court will transfer both motions to the Court of Appeals for the necessary certification pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

3

Accordingly,

IT IS ORDERED that Defendant's "Motion to Modify Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)" [docket entry 101] is denied.

IT IS FURTHER ORDERED that Defendant's "Motion Pursuant to 18 U.S.C. § 3623 Transfer of a Prisoner to State Authority" [docket entry 102] is denied.

IT IS FURTHER ORDERED that Defendant's "Motion for Re-Sentencing According to USSG § 4A1.3" [docket entry 104] and "Motion to Re-Sentence Rule 35 Pleadings" [docket entry 105] are transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: November 25, 2008
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman